UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAINE COAST MARINE CONSTRUCTION, INC., *et al.*, )<br>)<br>Defendants. ) | Civil No. 06-119-B-K |

## MEMORANDUM OF DECISION[1]

Defendant Fore River Dock & Dredge, Inc., seeks leave to bring a third party into this action. I now deny the motion.

### BACKGROUND

First Specialty Insurance Company commenced this action in the summer of 2006 with a complaint for a declaratory judgment that it owes the defendants no duty to defend in relation to various underlying litigation. In time, some of those underlying matters settled and First Specialty, in May 2007, belatedly sought leave to amend its complaint to add indemnification issues to this case. (Mot. to Amend, Doc. No. 74.) Fore River, in its response to the motion, made no representation that it felt it improper for the Court to determine the issue of indemnification as well as that of the duty to defend, and the motion was granted. (See Fore River's Conditional Assent to Second Am. Compl., Doc. No. 76.) The amendment did not add any additional parties to the litigation. Fore River did not suggest at that time that the

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

amendment would have any impact upon Fore River's substantive rights such that it should be permitted to join Clark Associates in a third-party action. Moreover, permitting the amendment made perfect sense, for the alternative would have required First Specialty to file another suit against the same parties in this Court. A new discovery deadline and a new dispositive motions deadline were supplied in my order to permit the parties to focus on indemnification issues for a second round of dispositive motions. (Doc. No. 82.) The deadline for adding parties was not modified in connection with First Specialty's motion to amend, and it remained January 8, 2007, as set in the October 23, 2006, scheduling order. (Doc. No. 46.)

Meanwhile, the parties' continued apace with their summary judgment filings *apropos* the duty to defend and they filed answers to the second amended complaint in due course. In its June 25, 2007, answer to the second amended complaint, Fore River simply inserted a new, third party complaint against Clark Associates, without seeking leave to do so. (Doc. No. 93.) This, of course, necessitated a conference of counsel, during which the matter was discussed and it was determined that the onus should be placed on Fore River to seek leave to amend, rather than on Clark Associates to incur the cost and expense of objecting to the inappropriate amendment, particularly as Clark Associates had not been appropriately joined at that juncture. (See Report of Conference of Counsel, Doc. No. 103.) Fore River finally filed a motion for leave to join Clark Associates on July 31, 2007, citing Rule 15 exclusively, which does not pertain to third party practice. (Doc. No. 104.)

## DISCUSSION

Federal Rule of Civil Procedure 21 addresses the non-joinder of parties. Pursuant to Rule 21, "Parties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." The question of whether to permit the joinder of additional

parties is a matter resigned to the Court's discretion.  Puricelli v. CNA Ins. Co., 185 F.R.D. 139, 142 (N.D. N.Y. 1999).  See also Hyplains Dressed Beef, Inc. v. EE Operating Corp., 142 F.R.D. 174, 176 (D. Kan. 1992) (same); 7 C. Wright & A. Miller, Federal Practice and Procedure §1688, at 342 (1972) ("The grant or denial of a motion to bring in or drop a party lies in the discretion of the judge.  The trial court's exercise of discretion will not be disturbed on appeal unless an abuse [of discretion] is shown.").  The exercise of such discretion unfavorably to the movant is insulated considerably where the motion is filed after a deadline set in a scheduling order and the movant fails to make a presentation of excusable neglect.  See El-Hajj v. Fortis Benefits Ins. Co., 156 F. Supp. 2d 27, 34 (2001) (discussing the significance of Rule 16(b) on tardy motions to amend).

     According to Fore River, it is only fair for the Court to permit Fore River to pursue third-party claims against Clark Associates because First Specialty was permitted to amend its complaint to add indemnification issues subsequent to certain settlements negotiated by the parties to the underlying litigation.  For cause, Fore River argues that its proposed claims against Clark Associates either were not cognizable when this action commenced or else could not have justifiably been filed until First Specialty raised issues of indemnification with its second amended complaint.  (Mot. for Leave at 7, Doc. No. 104.)

     This declaratory judgment proceeding concerns the rights of the respective parties in connection with an insurance contract issued by First Specialty to Maine Coast Marine Construction.  There is no potential liability running from the defendants toward the plaintiff.  As concerns the subject insurance policy, there is only a potential liability on the part of First Specialty to provide insurance proceeds in relation to the potential liabilities faced by the defendants, to the extent they have responsibility for the underlying marine accident.  Unlike all

of the defendants in this case, including American Home Assurance, which is present on account of subrogated rights, Clark Associates has no actual or potential entitlement to insurance proceeds under the policy that is the subject of the litigation. Clark Associates is simply a theoretical third-party from which Fore River, alone of all the defendants, might be able to recover damages in tort or pursuant to a contract *other than* the policy at issue in this litigation. For these reasons I do not find it particularly important that Clark Associates be haled into court belatedly in order to permit Fore River to pursue state law claims in this federal forum against a fellow state resident, particularly claims involving duties pertaining to issuance of a COI, for which there may not be clear precedent in the decisions of Maine state courts.

As compared with First Specialty's motion for leave to file a second amended complaint in order to more fully address rights of the *existing* parties based on *actual developments* in the underlying litigation, Fore River seeks to join an *additional* party in the absence of any new developments so that it may pursue collateral claims. I do not think it unfair in these circumstances to permit the former motion and deny the latter. At best, Fore River has belatedly recognized a legal theory that might entitle it to a remedy from a third party. To the extent that the COI might impact Fore River's counterclaim against First Specialty, that issue appears to be preserved by the counterclaim, so denying the motion to join Clark Associates does not undermine any claims or defenses Fore River may have against First Specialty.

Defendant C-B Marine Corporation supports Fore River's motion, arguing that a denial of the motion could lead to inconsistent results because this Court might find that Clark Associates had no authority to issue the COI or that the COI was void, and such findings would not be binding on Clark Associates in another proceeding. (Doc. No. 105 at 2-3.) I remain unconvinced that justice requires the joinder of Clark Associates. In the present context, the

material question regarding the COI is whether it gives rise to an entitlement to insurance proceeds from First Specialty.  This Court can determine that question without risk of any subsequent, inconsistent rulings in another forum because, assuming for the sake of argument that the COI does not support a claim to insurance proceeds from First Specialty, the Court will have no occasion to stray into the question of whether Clark Associates's decision to issue the COI as it did breached any professional or contractual duties that Clark Associates may have owed to Fore River.  Moreover, before I ever reach the issue of the legal sufficiency of the COI to provide insurance coverage to Fore River, a number of factual disputes regarding the relationships among Fore River, Maine Coast Marine Construction and Splettstoesser in relationship to the Ablow litigation must be resolved.  Nothing in this order precludes Fore River from pursuing claims against Clark Associates in an appropriate forum or from obtaining third-party discovery from Clark Associates to preserve its counterclaim against First Specialty in this litigation.

## Conclusion

Fore River's motion for leave to add Clark Associates as a third-party defendant is DENIED.

*So Ordered.*

August 31, 2007                    /s/ Margaret J. Kravchuk
                                   U.S. Magistrate Judge